UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as Trustee for the holders of the BANC OF AMERICA FUNDING CORPORATION, 2008-FT1 TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2008-FT1,,<br><br>            Plaintiff,<br><br>    v.<br><br>RONALD H. ANDERSON; CELESTE ANDERSON; and JOHN DOES 1-10, whose true identities are unknown, as occupants of the premises located at 14660 Hensen Drive, Nampa, ID, 83651,<br><br>            Defendants. | Case No. 1:11-cv-00350-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is Plaintiff's Motion to Remand to Canyon County Third Judicial District Court of Idaho (Dkt. 6). The matter is fully briefed and at issue. The Court has determined that oral argument would not significantly assist the decisional process and will therefore consider the motion without a hearing. On consideration of the parties'

**MEMORANDUM DECISION AND ORDER - 1**

pleadings and being familiar with the record, the Court will grant the motion and remand the matter, as more fully expressed below.

## BACKGROUND

On June 29, 2011, Plaintiff U.S. Bank brought an action for ejectment in state court, following a non-judicial deed of trust foreclosure. Plaintiff asserts that it is the owner of real property located at 14660 Hensen Drive, in Nampa, Idaho by virtue of a trustee's sale. The property is currently occupied by Defendants. Defendants filed a notice of removal to this Court on July 30, 2011. Plaintiff now moves to remand the action back to state court.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), an action must be "fit for federal adjudication when the removal petition is filed." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). Removal jurisdiction is statutory and strictly construed. *Gould v. Mutual Life Ins. Co. of New York*, 7910 F.2d 769, 774 (9th Cir. 1986). If there is any doubt as to the right of removal, jurisdiction must be rejected. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

A defendant bears the burden of establishing federal jurisdiction when they seek removal to federal court and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The existence of federal question or diversity jurisdiction is ordinarily determined from the face of the complaint. *Sparta Surgical Corp.*, 159 F.3d at 1211.

## ANALYSIS

Plaintiff asserts that remand is appropriate because the Court has neither diversity nor federal question jurisdiction over the parties' dispute.

**1.     No Diversity Jurisdiction**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over an action if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of the state "by which it has been incorporated" and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

However, because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, removal jurisdiction is limited to situations in which no defendant is a citizen of the forum state. *Lively v. Wild Oat Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). Where a defendant is a citizen of the state in which the case is brought, there is no need for such protection, and thus removal is inappropriate. *Id.* "[T]he presence of a local defendant at the time removal is sought bars removal." *Spencer v. U.S. Dist. Court for N. Dist. Of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (citing 28 U.S.C. § 1441(b)).

Here, Defendants acknowledge they are citizens of Idaho. *Notice of Removal*, Dkt. 1 ¶ 6. Also, the amount in controversy – or the amount claimed by plaintiff – is not met here. Plaintiff's complaint seeks eviction and restitution of the real property, and not an award of monetary damages. *Compl.*, Dkt. 1-2. Accordingly, the amount in controversy does not meet the threshold requirement of $75,000.

Based on the record before it, the Court concludes that it lacks diversity jurisdiction over the matter because the Defendants are acknowledge citizens of Idaho and the amount in controversy does not exceed $75,000.

**2.   No Federal Question Jurisdiction**

Federal Courts have original jurisdiction over cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The Complaint here seeks eviction and restitution of real property under state law. *Compl.*, Dkt. 1-2. There is no allegation that a federal statute has been violated. Defendants do not raise, nor does the Court find, that this action arises under federal law. Accordingly, the Court lacks federal question jurisdiction as well.

### ORDER

**IT IS ORDERED THAT** Plaintiff's Motion to Remand (Dkt. 6) is **GRANTED.** This matter shall be immediately **REMANDED** to the District Court of the Third Judicial District of the State of Idaho, in Canyon County.



DATED: December 12, 2011

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 5**